UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELYNE MONPOINT,

    Plaintiff,

v.                                         Case No: 8:14-cv-2231-T-27TGW

SPECIALIZED LOAN SERVICING,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Specialized Loan Servicing, LLC's Motion to Dismiss Complaint (Dkt. 4). Plaintiff, who is proceeding *pro se*, has not responded and the time in which to do so has passed. Upon consideration, the motion to dismiss is **GRANTED**. Plaintiff will be granted 21 days to amend her complaint.

*Pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)"). *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff is not required to set forth an intricately detailed description of the asserted basis for relief, it is required that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a *pro se* litigant's pleadings must be construed liberally,

"this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *McCone v. Pitney Bowes, Inc.*, No. 14-11119, 2014 WL 4377868, at *1 (11th Cir. Sept. 5, 2014).

Plaintiff's Complaint fails to comply with Rule 8. It includes a number of legal authorities and citations but it is impossible to discern what legal claim Plaintiff is asserting against Defendant. Plaintiff appears to seek pre-suit discovery, but does not explain what discovery she seeks, or cite any relevant authority supporting the availability of discovery.

Plaintiff appears to seek a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, but the Declaratory Judgment Act is "operative only in respect to controversies which are such in the constitutional sense." *Wendy's Int'l, Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989). Plaintiff must meet the constitutional requirements of a case or controversy:

> At an irreducible minimum, the party who invokes the court's authority under Article III must show: (1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.

*GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995). When the Declaratory Judgment Act is at issue, the "question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Here, the Complaint does not state the relevant facts with the requisite specificity for the Court to determine whether there is an actual case ripe for disposition.

Accordingly, the Complaint will be dismissed with leave to amend. In filing an amended complaint, Plaintiff must comply with the Rules and clearly identify the basis for her claims and

requested relief. In addition, to the extent Plaintiff brings claims under the Declaratory Judgment Act, she must demonstrate there is an actual case or controversy that "appropriate for judicial determination." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937).

### NOTICE TO *PRO SE* PARTY

Because Plaintiff is proceeding *pro se*, the Court will take the opportunity to inform her of some, but not all, of the procedural rules with which Plaintiff must comply. Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), or a motion, *see* Fed. R. Civ. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court by Plaintiff must include a caption (the same as is set forth on Plaintiff's Complaint); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature of Plaintiff, or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to

review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. *See* Fed. R. Civ. P. 7(b). If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, Plaintiff must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* Local Rule 3.01(a). However, the motion and memorandum cannot exceed twenty-five (25) pages in length. *See id.*

Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that she has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff is also cautioned that she must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by opposing counsel. Plaintiff must timely respond to the motions filed by other parties in this case, for if she does not timely respond to such a motion, the Court may assume that she does not oppose that motion and the relief requested therein. If Plaintiff has missed a filing deadline, Plaintiff must file a motion seeking leave of Court to file the document out of time.

Lastly, Plaintiff is reminded that, although she is proceeding *pro se*, she is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which she must comply, including those imposed by the Rules and the Local Rules. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case. Plaintiff is referred to the Court's website at http://www.flmd.uscourts.gov. There is a section titled Proceeding Without a Lawyer with additional helpful information.

Accordingly,

1. Defendant Specialized Loan Servicing, LLC's Motion to Dismiss Complaint (Dkt. 4) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED without prejudice**.

3. Plaintiff is **GRANTED leave to file an amended complaint** within twenty-one (14) days of this Order. Failure to file an amended complaint by this deadline will result in dismissal of this case without further notice.

4. Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** this 1st day of December, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
*Pro se* Plaintiff